IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCES CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | CIVIL ACTION NO. _____ |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | JURY REQUESTED |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | |
| KARI A. McLUHAN, REYNALDO | § | *Pending Transfer to MDL-1699* |
| RIOJAS, FRANCISCO MEZA, JACK | § | *(In re Bextra and Celebrex Marketing,* |
| BARINEAU, ERICA ZEPLIN, DEBORAH | § | *Sales Practices and Prods. Liab. Litig.)* |
| QUINONES, W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| LYNSEY ADAME, | § | |
| and CLARENCE BROOKS, M.D., | § | |
| | § | |
| Defendants. | § | |

## INDEX OF STATE COURT PLEADINGS

| | **Document Title** | **Date Filed** |
|---|---|---|
| A. | Certified Copy of Docket Sheet | N/A |
| B. | Plaintiffs' Original Petition | April 9, 2007 |
| C. | Plaintiff's First Amended Original Petition | April 9, 2007 |
| D. | Defendant Pfizer Inc.'s Motion to Transfer Venue and, Subject Thereto, Original Answer | May 29, 2007 |
| E. | Defendant W. Lance Goodson's Motion to Transfer Venue and, Subject Thereto, Original Answer | June 1, 2007 |
| F. | Notice to Plaintiffs of Filing Notice of Removal | June 1, 2007 |
| G. | Notice to State Court of Filing Notice of Removal | June 1, 2007 |

```
                         PRNTTRAN433690
              TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:       1
                   ALL TRANSACTIONS FOR A CASE               Date: 04/13/2007
                                                             Time: 11:57
----------------------------------------------------------------------------
         Cause Number: 153-223442-07    Date Filed: 04/09/2007
      FRANCES CARTER                 v      PFIZER, INC., ET AL
                                     s
         Cause of Action: PERSONAL INJURY (NO MTR VEH INVOLVED)
         Case Status....: PENDING
----------------------------------------------------------------------------
      Filemark    Description                                   Fee Total
----------------------------------------------------------------------------
   04/09/2007   JURY FEE                                            30.00
   04/09/2007   Citation-ISSUED ON PFIZER INC-On 04/11/2007          8.00
   04/09/2007   ***FILE #1*** PLTF ORIG PET                        224.00
   04/09/2007   PLTF 1ST AMD ORIG PET (ADD DEFN CLARENCE BROOKS MD   0.00
----------------------------------------------------------------------------
   Total Number Of Records Printed:      4
```

*Carter* Appendix Page 06

CAUSE NO. **153 223442 07**

| | | |
|---|---|---|
| FRANCES CARTER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | ____ JUDICIAL DISTRICT |
| KARI A. MCLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, KEELY | § | |
| RODRIGUEZ, LEAH SILVA, DANIEL | § | |
| PONCE, CELESTE ESCOBAR, JILL | § | |
| GUIDRY, DANIEL TOWNSEND and | § | |
| LYNSEY ADAME | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Frances Carter (hereinafter referred to as "Plaintiff"), complaining of Pfizer,

Inc. (hereinafter referred to as the "Defendant Pfizer"); and Jacqueline Guerrero, Bob Davis, Jeanne

L. Jalufka, Kyle M. Nelson, Jason D. Hahn, Robert G. Vial, Kathryn K. Truitt, Kari A. McLuhan,

Reynaldo Riojas, Francisco Meza, Jack Barineau, Erica Zeplin, Deborah Quinones, W. Lance

Goodson, Keely Rodriguez, Leah Silva, Daniel Ponce, Celeste Escobar, Jill Guidry, Daniel

Townsend and Lynsey Adame (hereinafter referred to as "Sales Representative Defendants"),

(collectively referred to as "Defendants"), and for cause of action, Plaintiff alleges and avers as

follows:

I.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure

190.4.

II.

## INTRODUCTION AND PARTIES

This action arises from the sales, distribution, and/or prescribing of Celebrex®, an osteoarthritis and pain-relief drug. Frances Carter, was prescribed Celebrex® for the relief of pain and as a result of the ingestion of Celebrex®, she suffered from serious and permanent injuries.

Plaintiff Frances Carter is a resident of Fort Worth, Tarrant County, Texas.

Defendant Pfizer at all times herein mentioned was and is a corporation incorporated, operating and existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, continuously and purposefully doing business in the State of Texas for monetary profit. At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, purposefully marketed, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain pharmaceutical product, hereinafter referred to as Celebrex® (also known as Celecoxib). Pfizer may be served with process by and through its registered agent, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

Defendant Jacqueline Guerrero is an individual who may be served with process at her place of residence which is believed to be 7227 Westlyn Dr., San Antonio, Texas 78227-2809.

Defendant Bob Davis is an individual who may be served with process at his place of residence which is believed to be 13330 Blanco Rd., San Antonio, Texas 78216-2193.

Defendant Jeanne L. Jalufka is an individual who may be served with process at her place of residence which is believed to be 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629.

PLAINTIFF'S ORIGINAL PETITION
PAGE 2

Defendant Kyle M. Nelson is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Jason D. Hahn is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Robert G. Vial is an individual who may be served with process at his place of residence which is believed to be 116 Trail Ridge Dr., Sandia, Texas 78383-4036.

Defendant Kathryn K. Truitt is an individual who may be served with process at her place of residence which is believed to be 3045 Manna Bay Dr., League City, Texas 77573-2737.

Defendant Kari A. McLuhan is an individual who may be served with process at her place of residence which is believed to be 13 Golf House Rd., Laguna Vista, Texas 78578.

Defendant Reynaldo Riojas is an individual who may be served with process at his place of residence which is believed to be 102 Chipinque, San Antonio, Texas 78237-8909.

Defendant Francisco Meza is an individual who may be served with process at his place of residence which is believed to be 4839 Brandeis St., San Antonio, Texas 78249-1714.

Defendant Jack Barineau is an individual who may be served with process at his place of residence which is believed to be 804 Cold Springs Ct., Murphy, Texas 75094-4379.

Defendant Erica Zeplin is an individual who may be served with process at her place of residence which is believed to be 4340 Camden Ave., Dallas, Texas 75206-5404.

Defendant Deborah Quinones is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant W. Lance Goodson is an individual who may be served with process at his place of residence which is believed to be 7413 N. 17th St., McAllen, Texas 78504-3528.

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 3**

Defendant Keely Rodriguez is an individual who may be served with process at her place of residence which is believed to be 226 Creekbend Dr., Brownsville, Texas 78521-4328.

Defendant Leah Silva is an individual who may be served with process at her place of residence which is believed to be 3700 Cole Ave., Dallas, Texas 75204-4543.

Defendant Daniel Ponce is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Celeste Escobar is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant Jill Guidry is an individual who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999.

Defendant Daniel Townsend is an individual who may be served with process at his place of residence which is believed to be 106 Gazelle Lk., San Antonio, Texas 78245-2790.

Defendant Lynsey Adame is an individual who may be served with process at her place of residence which is believed to be 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915.

III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiff seeks recovery of monetary damages for injuries to Frances Carter, sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Tarrant County, Texas, pursuant to the Texas Civil Practice and Remedies

PLAINTIFF'S ORIGINAL PETITION
PAGE 4

Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

IV.

## FACTUAL ALLEGATIONS

Frances Carter, ingested Celebrex® that was manufactured and marketed by Defendant Pfizer, and sustained serious injuries as a result.

Celebrex® is among a group of "COX-2 Inhibitor drugs" approved and prescribed for the relief of pain and associated with certain disorders including but not limited to, arthritis.

At all times relevant, Defendants did manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, advertise, and otherwise distribute Celebrex®.

Celebrex® has been widely advertised by Defendant Pfizer as effective relief for the pain caused by arthritis, with fewer adverse side effects than other treatments.

Based upon information and belief, Defendants further induced physicians to prescribe Celebrex® for treating disorders for which the FDA had not approved Celebrex®.

Defendants aggressively marketed Celebrex® in the United States and in Texas.

Defendant Pfizer undertook advertising campaigns promoting the virtues of Celebrex® in order to induce widespread use of the product. Defendant Pfizer targeted this advertising directly to the end consumers.

The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently sought to create the image and impression that the use of Celebrex® was safe for human use and had fewer side effects and adverse reactions than other methods of treatment for arthritis.

Defendants purposefully minimized and understated health hazards and risks associated with

Celebrex®.  Defendants, through literature and oral statements, deceived potential users of Celebrex® and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug.  Defendants falsely and fraudulently withheld relevant information from potential users of Celebrex®.

Based on information and belief, total profits from the sale of Celebrex® exceeded billions of dollars annually.

On December 17, 2004, The National Institutes of Health issued a Press Release announcing the suspension of the use of COX-2 Inhibitor Celecoxib (Celebrex) in a study conducted by the National Cancer Institute (NCI) due to the findings that use of the drug increased the risk of major fatal and/or non-fatal cardiovascular events in participants taking the drug compared to those on a placebo.  The research showed a 2.5-fold increase in risk in participants taking higher dosages of the drug.  The known danger that Defendant Pfizer's product Celebrex® causes increased risk of cardiovascular events was never indicated in any manner by Defendants.  Frances Carter, was unaware of said defect of said product prior to ingesting Celebrex®.

Prior to the date upon which Celebrex® was prescribed to Frances Carter, Defendants knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public.  The dangers of this product included, by way of example, increased risk of cardiovascular events, including, but not limited to, myocardial infarction, strokes and other injuries.  Defendants failed to take appropriate action to cure the nature of these defects or warn users of the product or their physicians of such dangerous characteristics.  In fact, in spite of the findings announced by the National Institutes of Health, Defendants continue to manufacture, sell, distribute, supply, market,

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 6**

and/or promote Celebrex® to patients.

The Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution, and/or sales of the prescription drug Celebrex®. The Sales Representative Defendants were in a position to make representations about the risks associated with the use of Celebrex®.

Defendants have thereby acted with malice toward Plaintiff, which accordingly requires that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter Pfizer and others from engaging in similar conduct in the future.

V.

## FIRST CAUSE OF ACTION

### [Strict Products Liability Failure to Warn]

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where it was ingested by Frances Carter. Defendants did, in fact, sell, distribute, supply, manufacture, and/or promote, individually and collectively, Celebrex® to Frances Carter. Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and Celebrex® did in fact reach, prescribing physicians and consumers in Texas, including Frances Carter, without substantial change in the condition of the product.

At all times herein mentioned, Celebrex® was defective and unsafe in manufacture, and was so at the time it was distributed by Defendants and ingested by Frances Carter. Given the severity of the adverse effects of Celebrex®, the aforementioned product was defective in that it was not properly designed and prepared and/or was not accompanied by proper warnings regarding all possible adverse effects associated with the use of Celebrex®. These defects caused the injuries of Frances Carter when the Celebrex® was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant Pfizer.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein.

Frances Carter, used the product for its intended purpose.

Celebrex® was unaccompanied by warnings of its dangerous propensities that were known by Pfizer and/or reasonably scientifically knowable by Pfizer, at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to relieve pain associated with arthritis, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury.

Frances Carter, did not know, nor did she have reason to know, at the time of her use of Celebrex®, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused serious injury to Frances Carter.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein, and that Celebrex® was unaccompanied by warnings of its dangerous propensities that were known, or reasonably scientifically knowable, at the time of distribution.

The absence of proper warnings rendered Celebrex® unreasonably dangerous, and the failure

PLAINTIFF'S ORIGINAL PETITION
PAGE 8

to render proper warnings to Frances Carter, proximately caused her injuries.

## VI.

## **SECOND CAUSE OF ACTION**

### **[Strict Products Liability/Defective Product]**

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where Frances Carter ingested it.  Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians and consumers in Texas, including Frances Carter and her prescribing physician, without substantial change in the condition of the product.

The Celebrex® manufactured and/or supplied by Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition.

Alternatively, the Celebrex® manufactured and/or supplied by Defendants was defective in design or formulation in that, when it was placed in the stream of commerce, it was unreasonably dangerous; it was more dangerous than an ordinary consumer or physician would expect; and it was more dangerous than other forms of treatment.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew, or should have known, that the product created a risk of harm to consumers, and that Defendants failed to adequately warn of said risks.

As designed, the Celebrex® contained unreasonably dangerous design defects and was not reasonably safe as intended, making the risk of Celebrex® outweigh its benefits and subjecting

Frances Carter, to risks that exceed the benefits of Celebrex®.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warning or instruction because after Defendants knew, or should have known, of the risk of injury from Celebrex®, they failed to provide adequate warnings to users, consumers or prescribers of the product, including Frances Carter, and her prescribing physicians, and continued to promote the product.

Frances Carter, used the product for its intended purpose.

As a proximate and legal result of the defective, unreasonably dangerous condition of the Celebrex® manufactured and/or supplied by Defendants, Frances Carter, suffered serious injuries.

VII.

### THIRD CAUSE OF ACTION

### [Negligence]

At all times herein mentioned, Defendants had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, provide proper warnings and take such steps to assure that Celebrex® did not cause users to suffer from unreasonable and dangerous side effects.  Defendants owed Plaintiff Frances Carter, this duty.  Defendants breached the duty and as a result, Frances Carter, suffered injuries because of the causal connections between Defendants' breach of duty and Frances Carter's injuries.

At all times herein mentioned, Defendants knew, or in the exercise of reasonable care, should have known, that Celebrex® was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, and prepared and provided with proper warnings, it was likely to injure the product's user.

Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied Celebrex® that it was dangerous and unsafe for the use and purpose for which it was intended.

Defendants negligently failed to warn of the nature and scope of dangers associated with Celebrex®.

Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew, or should have known, that Celebrex® caused serious injuries, they failed to disclose the known and/or knowable risks associated with the products, as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of the safety of Frances Carter.

As a result of the carelessness and negligence of Defendants alleged herein and in such other ways to be later shown, Celebrex® caused Plaintiff to sustain injuries as herein alleged.

## VIII.

## FOURTH CAUSE OF ACTION

### [Breach of Implied Warranty]

At all times mentioned herein, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold Celebrex®.

Defendants impliedly warranted to Frances Carter that the product was of merchantable quality and safe for the use for which it was intended.

The product was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendants, in that it had very dangerous propensities when put to its intended use and

PLAINTIFF'S ORIGINAL PETITION
PAGE 11

would cause severe injury and/or death to the user. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known and/or reasonably scientifically knowable at the time of distribution.

As a direct and proximate result of Defendants' breach of warranty, the Plaintiff sustained damages as alleged herein.

IX.

**FIFTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of Celebrex® was expressly warranted to be safe for use by Frances Carter, and other members of the general public.

Defendants expressly warranted that Celebrex® was safe.

Celebrex® failed to conform to Defendants' warranties because Celebrex® was not safe.

At the time of the making of the express warranties, Defendants had knowledge of the purpose for which Celebrex® was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

Frances Carter, relied upon the skill and judgment of Defendants and upon said express warranty, in using Celebrex®. The warranty and representations were untrue in that the product caused the injuries of Frances Carter, and was unsafe and, therefore, unsuited for the use for which it was intended. Celebrex® could, and did thereby, cause the injuries of Frances Carter.

PLAINTIFF'S ORIGINAL PETITION
PAGE 12

As a direct and proximate result of the breach of these warranties, Plaintiff sustained damages as alleged herein.

## X.

## SIXTH CAUSE OF ACTION

### (Fraud)

Defendants falsely and fraudulently represented to Frances Carter, and members of the general public, that Celebrex® was safe for use by all potential users. The representations by said Defendants were, in fact, false. In fact, Celebrex® was not safe and was, in fact, dangerous to the health and body of Frances Carter.

The representations by said Defendants were, in fact, false. In reality, Celebrex®, was not adequately tested and there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including, but not limited to, the increased risk of cardiovascular events, including, but not limited to, heart attacks, and death. Defendants did not disclose or warn Frances Carter, or her prescribing physician about the known risk of injury in using the product. Defendants misrepresented the safety of the product, represented that the product marketed was safe for use and concealed warnings of the known or knowable risks of injury in using the product.

When Defendants made these representations about material facts, they knew that they were false. Defendants made said representations with the intent to defraud and deceive Frances Carter, and with the intent to induce her to act in the manner herein alleged.

At the time Defendants made the aforesaid representations, and at the time Frances Carter, took the actions herein alleged, she was ignorant of the falsity of these representations, reasonably

believed them to be true, and relied upon them. In reliance upon said representations, Frances Carter was induced to, and did use Celebrex® as herein described. Frances Carter's reliance on the deceptive statements resulted in her injuries.

If Frances Carter had known the actual facts, she would not have taken Celebrex®.

As a result of Defendant's fraud and deceit, Plaintiff was caused to sustain the herein described injuries.

In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiff therefore is entitled to punitive damages to deter Defendant Pfizer and others from engaging in similar conduct in the future.

## XI.

## SEVENTH CAUSE OF ACTION

### (Fraud by Concealment)

At all times mentioned herein, Defendants had the duty and obligation to disclose to Frances Carter and her prescribing physician the true facts concerning Celebrex®, specifically that said product was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and death, and how unnecessary it was to use said product for the purposes indicated. Defendants made affirmative representations as set forth herein to Frances Carter and the general public prior to the date Celebrex® was prescribed to Frances Carter, while concealing the following material facts.

At all times mentioned herein, Defendants had the duty and obligation to disclose to Frances Carter and her physician the true facts concerning Celebrex®; that is, that use could cause injuries including, but not limited to, increased risk of fatal and non-fatal cardiovascular events, including,

but not limited to heart attacks and strokes.

At all times herein mentioned, Defendants intentionally, willfully and maliciously concealed or suppressed the facts set forth herein from Frances Carter's physician with the intent to defraud as herein alleged.

At all times herein mentioned, Frances Carter was not aware of the facts set forth above, and had she been aware of said facts, she would not have acted as she did, that is, she would not have utilized the product.

As a result of the concealment or suppression of the facts set forth above, Frances Carter suffered injuries as set forth herein.

In doing the actions herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendants' wealth, and sufficiently large to be an example to others, and to deter Defendant Pfizer and others from engaging in similar conduct in the future.

## XII.

## MALICE

The wrong done by Defendants in failing to exercise the most basic of protective measures, even after knowing of the potential for serious injury and/or death when failing to do so, was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. Defendant Pfizer's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff, and Defendant Pfizer was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious

indifference, to the rights, safety, and welfare of others, including Plaintiff. Defendant Pfizer's acts

and omissions, which collectively and severally constituted malice, were a proximate cause of

Plaintiff's injuries and subsequent damages.

XIII.

These Defendants, and each of them, individually and collectively, are guilty of various acts

of omission and commission which were the proximate and/or producing cause of the incidents made

the basis of this lawsuit.  Plaintiff has suffered damages in the past and will continue to suffer

damages in the future, including, but not limited to, physical pain and mental anguish, medical

expenses, economic damages, and loss of enjoyment of life.  Plaintiff has suffered each of these

elements in an amount exceeding the minimum jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frances Carter prays for relief from the Defendants as follows:

1.    Punitive and exemplary damages.  In support of said damages, Plaintiff incorporates
      by reference all preceding and following paragraphs as if fully set forth herein;

2.    General damages in a sum in excess of the jurisdictional minimum of this Court;

3.    Special damages in a sum in excess of the jurisdictional minimum of this Court;

4.    Compensatory damages in excess of the jurisdictional minimum of this Court;

5.    Consequential damages in excess of the jurisdictional minimum of this Court;

6.    Medical, incidental, and hospital expenses according to proof;

7.    Future medical, incidental, and hospital expenses according to proof;

8.    Pre-judgment and post-judgment interest as provided by law;

9.    Full refund of all purchase costs Plaintiffs paid for Celebrex®;

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 16**

10.   Attorneys' fees, expenses, and costs of this action; and

11.   Such further relief as this Court deems necessary, just and proper;

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury in this action.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545  FAX

By: _____
     Kathryn Snapka
     State Bar No. 18781200
     Greg W. Turman
     State Bar No. 00785123
     Rick Waterhouse
     State Bar No. 00788624
     Aditi Anita Shahani
     State Bar No. 24041898

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
  Board Certified
  Personal Injury Trial Law
  Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.
_____
CRAIG D. HENDERSON
A. ANITA SHAHANI

## 153  223442  07

April 5, 2007

**VIA FEDERAL EXPRESS and**
**FIRST CLASS U.S. MAIL**

Mr. Thomas A. Wilder, District Clerk
**TARRANT COUNTY COURTHOUSE**
401 W. Belnap St.
Fort Worth, Texas 76196

       Re:    Cause No. _____; In the 79th Judicial District Court of Jim
               Wells County, Texas; *Frances Carter v. Pfizer, Inc., et al*
               **ST&W File No.: 2347**

Dear Mr. Wilder:

       Enclosed for filing in the above-referenced new civil matter is the Plaintiff's Original
Petition and two (2) copies of the petition that we ask you to file stamp one copy to attach to the
citation for service upon the Defendant listed below and the other copy to return to our office in the
self-addressed stamped envelope provided herein. Please note we are only requesting a citation for
the below-listed Defendant. We will provide further instructions with regard to the other Defendants
listed in the petition in the very near future. Kindly prepare the citation for service upon the
following Defendant and call us when it is ready so that we can have our messenger pick it up:

        1.     Pfizer, Inc. (by serving its Registered Agent for Service)
              CT Corporation Systems
              350 N. St. Paul St.
              Dallas, Texas 75201

       Also enclosed are Snapka, Turman & Waterhouse, L.L.P. checks reflecting the
payment of your filing, jury and citation fees.

Thank you for your courtesies in this regard. Should you have any questions, please do not hesitate to contact this office at (361) 888-7676.

Very truly yours,

SNAPKA, TURMAN & WATERHOUSE, L.L.P.

Annette Gomez
Legal Secretary
agomez@stwllp.com

CAUSE NO. **153  223442  07**

| | | |
|---|---|---|
| FRANCES CARTER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | _____ JUDICIAL DISTRICT |
| KARI A. MCLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, KEELY | § | |
| RODRIGUEZ, LEAH SILVA, DANIEL | § | |
| PONCE, CELESTE ESCOBAR, JILL | § | |
| GUIDRY, DANIEL TOWNSEND, | § | |
| LYNSEY ADAME and | § | |
| CLARENCE BROOKS, M.D. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW Frances Carter (hereinafter referred to as "Plaintiff"), complaining of Pfizer,

Inc. (hereinafter referred to as the "Defendant Pfizer"); and Jacqueline Guerrero, Bob Davis, Jeanne

L. Jalufka, Kyle M. Nelson, Jason D. Hahn, Robert G. Vial, Kathryn K. Truitt, Kari A. McLuhan,

Reynaldo Riojas, Francisco Meza, Jack Barineau, Erica Zeplin, Deborah Quinones, W. Lance

Goodson, Keely Rodriguez, Leah Silva, Daniel Ponce, Celeste Escobar, Jill Guidry, Daniel

Townsend and Lynsey Adame (hereinafter referred to as "Sales Representative Defendants"), and

Clarence Brooks, M.D. (hereinafter referred to as "Defendant Brooks") (collectively referred to as

"Defendants"), and for cause of action, Plaintiff alleges and avers as follows:

                                                I.

        This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure

190.4.

II.

## INTRODUCTION AND PARTIES

This action arises from the sales, distribution, and/or prescribing of Celebrex®, an osteoarthritis and pain-relief drug. Frances Carter, was prescribed Celebrex® for the relief of pain and as a result of the ingestion of Celebrex®, she suffered from serious and permanent injuries.

Plaintiff Frances Carter is a resident of Fort Worth, Tarrant County, Texas.

Defendant Pfizer at all times herein mentioned was and is a corporation incorporated, operating and existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, continuously and purposefully doing business in the State of Texas for monetary profit. At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, purposefully marketed, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain pharmaceutical product, hereinafter referred to as Celebrex® (also known as Celecoxib). Pfizer may be served with process by and through its registered agent, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

Defendant Jacqueline Guerrero is an individual who may be served with process at her place of residence which is believed to be 7227 Westlyn Dr., San Antonio, Texas 78227-2809.

Defendant Bob Davis is an individual who may be served with process at his place of residence which is believed to be 13330 Blanco Rd., San Antonio, Texas 78216-2193.

Defendant Jeanne L. Jalufka is an individual who may be served with process at her place of residence which is believed to be 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629.

Defendant Kyle M. Nelson is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Jason D. Hahn is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Robert G. Vial is an individual who may be served with process at his place of residence which is believed to be 116 Trail Ridge Dr., Sandia, Texas 78383-4036.

Defendant Kathryn K. Truitt is an individual who may be served with process at her place of residence which is believed to be 3045 Manna Bay Dr., League City, Texas 77573-2737.

Defendant Kari A. McLuhan is an individual who may be served with process at her place of residence which is believed to be 13 Golf House Rd., Laguna Vista, Texas 78578.

Defendant Reynaldo Riojas is an individual who may be served with process at his place of residence which is believed to be 102 Chipinque, San Antonio, Texas 78237-8909.

Defendant Francisco Meza is an individual who may be served with process at his place of residence which is believed to be 4839 Brandeis St., San Antonio, Texas 78249-1714.

Defendant Jack Barineau is an individual who may be served with process at his place of residence which is believed to be 804 Cold Springs Ct., Murphy, Texas 75094-4379.

Defendant Erica Zeplin is an individual who may be served with process at her place of residence which is believed to be 4340 Camden Ave., Dallas, Texas 75206-5404.

Defendant Deborah Quinones is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant W. Lance Goodson is an individual who may be served with process at his place of residence which is believed to be 7413 N. 17th St., McAllen, Texas 78504-3528.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 3**

Defendant Keely Rodriguez is an individual who may be served with process at her place of residence which is believed to be 226 Creekbend Dr., Brownsville, Texas 78521-4328.

Defendant Leah Silva is an individual who may be served with process at her place of residence which is believed to be 3700 Cole Ave., Dallas, Texas 75204-4543.

Defendant Daniel Ponce is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Celeste Escobar is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant Jill Guidry is an individual who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999.

Defendant Daniel Townsend is an individual who may be served with process at his place of residence which is believed to be 106 Gazelle Lk., San Antonio, Texas 78245-2790.

Defendant Lynsey Adame is an individual who may be served with process at her place of residence which is believed to be 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915.

Defendant Clarence Brooks, M.D. is an individual who may be served with process at 2200 Evans Avenue, Fort Worth, Texas 76104.

III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiff seeks recovery of monetary damages for injuries to Frances Carter, sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 4**

jurisdictional limits of this Court.

Venue is proper in Tarrant County, Texas, pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

## IV.

### FACTUAL ALLEGATIONS

Frances Carter, ingested Celebrex® that was manufactured and marketed by Defendant Pfizer and prescribed by Defendant Brooks, and sustained serious injuries as a result.

Celebrex® is among a group of "COX-2 Inhibitor drugs" approved and prescribed for the relief of pain and associated with certain disorders including but not limited to, arthritis.

At all times relevant, Defendant Pfizer and the Sales Representative Defendants did manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, advertise, and otherwise distribute Celebrex®.

Celebrex® has been widely advertised by Defendant Pfizer as effective relief for the pain caused by arthritis, with fewer adverse side effects than other treatments.

Based upon information and belief, Defendant Pfizer and the Sales Representative Defendants further induced physicians to prescribe Celebrex® for treating disorders for which the FDA had not approved Celebrex®.

Defendant Pfizer and the Sales Representative Defendants aggressively marketed Celebrex® in the United States and in Texas.

Defendant Pfizer undertook advertising campaigns promoting the virtues of Celebrex® in order to induce widespread use of the product. Defendant Pfizer targeted this advertising directly

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 5**

to the end consumers.

The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently sought to create the image and impression that the use of Celebrex® was safe for human use and had fewer side effects and adverse reactions than other methods of treatment for arthritis.

Defendant Pfizer and the Sales Representative Defendants purposefully minimized and understated health hazards and risks associated with Celebrex®. Defendant Pfizer and the Sales Representative Defendants, through literature and oral statements, deceived potential users of Celebrex® and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendant Pfizer and the Sales Representative Defendants falsely and fraudulently withheld relevant information from potential users of Celebrex®.

Based on information and belief, total profits from the sale of Celebrex® exceeded billions of dollars annually.

On December 17, 2004, The National Institutes of Health issued a Press Release announcing the suspension of the use of COX-2 Inhibitor Celecoxib (Celebrex) in a study conducted by the National Cancer Institute (NCI) due to the findings that use of the drug increased the risk of major fatal and/or non-fatal cardiovascular events in participants taking the drug compared to those on a placebo. The research showed a 2.5-fold increase in risk in participants taking higher dosages of the drug. The known danger that Defendant Pfizer's product Celebrex® causes increased risk of cardiovascular events was never indicated in any manner by Defendants. Frances Carter, was unaware of said defect of said product prior to ingesting Celebrex®.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 6**

Prior to the date upon which Celebrex® was prescribed to Frances Carter, Defendants knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public. The dangers of this product included, by way of example, increased risk of cardiovascular events, including, but not limited to, myocardial infarction, strokes and other injuries. Defendants failed to take appropriate action to cure the nature of these defects or warn users of the product or their physicians of such dangerous characteristics. In fact, in spite of the findings announced by the National Institutes of Health, Defendant Pfizer and the Sales Representative Defendants continued to manufacture, sell, distribute, supply, market and promote Celebrex® to patients.

The Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution, and/or sales of the prescription drug Celebrex®. The Sales Representative Defendants were in a position to make representations about the risks associated with the use of Celebrex®.

Defendant Brooks prescribed and Plaintiff ingested Celebrex® that was manufactured, marketed and distributed by Defendant Pfizer and the Sales Representative Defendants and sustained serious injuries as a result.

Defendants have thereby acted with malice toward Plaintiff, which accordingly requires that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter Pfizer and others from engaging in similar conduct in the future.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 7**

## V.

## **FIRST CAUSE OF ACTION**

### **[Strict Products Liability Failure to Warn]**

Defendant Pfizer and the Sales Representative Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where it was ingested by Frances Carter. Defendant Pfizer and the Sales Representative Defendants did, in fact, sell, distribute, supply, manufacture, and/or promote, individually and collectively, Celebrex® to Frances Carter. Additionally, Defendant Pfizer and the Sales Representative Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and Celebrex® did in fact reach, prescribing physicians and consumers in Texas, including Frances Carter and Defendant Brooks, without substantial change in the condition of the product.

At all times herein mentioned, Celebrex® was defective and unsafe in manufacture, and was so at the time it was distributed by Defendant Pfizer and the Sales Representative Defendants and ingested by Frances Carter. Given the severity of the adverse effects of Celebrex®, the aforementioned product was defective in that it was not properly designed and prepared and/or was not accompanied by proper warnings regarding all possible adverse effects associated with the use of Celebrex®. These defects caused the injuries of Frances Carter when the Celebrex® was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant Pfizer.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for

defects therein.

Frances Carter, used the product for its intended purpose.

Celebrex® was unaccompanied by warnings of its dangerous propensities that were known by Pfizer and/or reasonably scientifically knowable by Pfizer, at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to relieve pain associated with arthritis, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury.

Frances Carter, did not know, nor did she have reason to know, at the time of her use of Celebrex®, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused serious injury to Frances Carter.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein, and that Celebrex® was unaccompanied by warnings of its dangerous propensities that were known, or reasonably scientifically knowable, at the time of distribution.

The absence of proper warnings rendered Celebrex® unreasonably dangerous, and the failure to render proper warnings to Frances Carter, proximately caused her injuries.

VI.

## SECOND CAUSE OF ACTION

### [Strict Products Liability/Defective Product]

Defendant Pfizer and the Sales Representative Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where Frances Carter ingested it. Additionally,

Defendant Pfizer and the Sales Representative Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians and consumers in Texas, including Frances Carter and Defendant Brooks, without substantial change in the condition of the product.

The Celebrex® manufactured and/or supplied by Defendant Pfizer and the Sales Representative Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition.

Alternatively, the Celebrex® manufactured and/or supplied by Defendant Pfizer and the Sale Representative Defendants was defective in design or formulation in that, when it was placed in the stream of commerce, it was unreasonably dangerous; it was more dangerous than an ordinary consumer or physician would expect; and it was more dangerous than other forms of treatment.

The Celebrex® manufactured and/or supplied by Defendant Pfizer and the Sales Representative Defendants was defective due to inadequate warning or instruction because Defendants knew, or should have known, that the product created a risk of harm to consumers, and that Defendants failed to adequately warn of said risks.

As designed, the Celebrex® contained unreasonably dangerous design defects and was not reasonably safe as intended, making the risk of Celebrex® outweigh its benefits and subjecting Frances Carter, to risks that exceed the benefits of Celebrex®.

The Celebrex® manufactured and/or supplied by Defendant Pfizer and the Sales Representative Defendants was defective due to inadequate post-marketing warning or instruction because after Defendants knew, or should have known, of the risk of injury from Celebrex®, they failed to provide adequate warnings to users, consumers or prescribers of the product, including

Frances Carter, and her prescribing physicians, and continued to promote the product.

Frances Carter, used the product for its intended purpose.

As a proximate and legal result of the defective, unreasonably dangerous condition of the Celebrex® manufactured and/or supplied by Defendants, Frances Carter, suffered serious injuries.

## VII.

## THIRD CAUSE OF ACTION

### [Negligence]

At all times herein mentioned, Defendant Pfizer and the Sales Representative Defendants had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, provide proper warnings and take such steps to assure that Celebrex® did not cause users to suffer from unreasonable and dangerous side effects. Defendant Pfizer and the Sales Representative Defendants owed Plaintiff Frances Carter, this duty. Defendant Pfizer and the Sales Representative Defendants breached the duty and as a result, Frances Carter, suffered injuries because of the causal connections between Defendants' breach of duty and Frances Carter's injuries.

At all times herein mentioned, Defendant Pfizer and the Sales Representative Defendants knew, or in the exercise of reasonable care, should have known, that Celebrex® was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, and prepared and provided with proper warnings, it was likely to injure the product's user.

Defendant Pfizer and the Sales Representative Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied

Celebrex® that it was dangerous and unsafe for the use and purpose for which it was intended..

Defendant Brooks was a physician engaged in the practice of medicine and had a physician-patient relationship with Plaintiff. Plaintiff sought medical care, treatment, advice and counsel from Defendant Brooks.

Defendant Brooks was negligent in the medical care, treatment and management of Plaintiff by prescribing Celebrex®, which he knew, or should have known, was unreasonably dangerous; failing to provide adequate medical evaluation and monitoring; and by failing to adequately warn Plaintiff of the nature, dangers, hazards, side effects and counter-indications of Celebrex®. Defendant Brooks should have been aware of the dangers posed by Celebrex®, despite Defendant Pfizer's misrepresentations and concealment because of various publications printed in reliable, peer-reviewed medical journals prior to the date of Plaintiff's injuries.

As a direct and proximate result of Defendant Brooks's failures, Plaintiffs have suffered, and will continue to suffer, from the injuries and damages set forth in this Petition.

Plaintiff reasonably relied upon the skill and judgment of Defendant Brooks to provide reasonably prudent medical care including, but not limited to, the determination of whether Celebrex® was medically safe and appropriate given her medical history and physical condition. Further, Plaintiff relied upon Defendant Brooks, as her primary care physician, to advise her as to the dangers of Celebrex®.

Contrary to the expectations of Plaintiff, Defendant Brooks failed to exercise the ordinary care and diligence exercised by other physicians in the same or similar circumstances. Therefore, he failed to act as a reasonably prudent physician, and failed to meet the appropriate medical standards for his community, which required safe and effective treatment to patients, including Plaintiff, and

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 12**

otherwise deviated from the standard of care governing physicians' conduct described herein. Indeed, whether by his own negligence, or through misplaced reliance on the representations of Defendant Pfizer, Defendant Brooks' acts and/or omissions caused injuries to Plaintiffs. Thus, Defendant Brooks was negligent in his care and treatment of Plaintiff.

As a direct and proximate result of the breach of the standard of care by Defendant Brooks, Plaintiffs were caused to suffer injuries.

Defendants negligently failed to warn of the nature and scope of dangers associated with Celebrex®.

Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew, or should have known, that Celebrex® caused serious injuries, they failed to disclose the known and/or knowable risks associated with the products, as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of the safety of Frances Carter.

As a result of the carelessness and negligence of Defendants alleged herein and in such other ways to be later shown, Celebrex® caused Plaintiff to sustain injuries as herein alleged.

VIII.

**FOURTH CAUSE OF ACTION**

**[Breach of Implied Warranty]**

At all times mentioned herein, Defendant Pfizer and the Sales Representative Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold Celebrex®.

Defendant Pfizer and the Sales Representative Defendants impliedly warranted to Frances

Carter that the product was of merchantable quality and safe for the use for which it was intended.

The product was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendant Pfizer and the Sales Representative Defendants, in that it had very dangerous propensities when put to its intended use and would cause severe injury and/or death to the user. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known and/or reasonably scientifically knowable at the time of distribution.

As a direct and proximate result of Defendant Pfizer and the Sales Representative Defendants' breach of warranty, the Plaintiff sustained damages as alleged herein.

## IX.

## FIFTH CAUSE OF ACTION

## [Breach of Express Warranty]

The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of Celebrex® was expressly warranted to be safe for use by Frances Carter, and other members of the general public.

Defendant Pfizer and the Sales Representative Defendants expressly warranted that Celebrex® was safe.

Celebrex® failed to conform to Defendant Pfizer and the Sales Representative Defendants' warranties because Celebrex® was not safe.

At the time of the making of the express warranties, Defendant Pfizer and the Sales Representative Defendants had knowledge of the purpose for which Celebrex® was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

Frances Carter, relied upon the skill and judgment of Defendant Pfizer and the Sales Representative Defendants and upon said express warranty, in using Celebrex®. The warranty and representations were untrue in that the product caused the injuries of Frances Carter, and was unsafe and, therefore, unsuited for the use for which it was intended. Celebrex® could, and did thereby, cause the injuries of Frances Carter.

As a direct and proximate result of the breach of these warranties, Plaintiff sustained damages as alleged herein.

## X.

## SIXTH CAUSE OF ACTION

### (Fraud)

Defendant Pfizer and the Sales Representative Defendants falsely and fraudulently represented to Frances Carter, and members of the general public, that Celebrex® was safe for use by all potential users. The representations by Defendant Pfizer and the Sales Representative Defendants were, in fact, false. In fact, Celebrex® was not safe and was, in fact, dangerous to the health and body of Frances Carter.

The representations by Defendant Pfizer and the Sales Representative Defendants were, in fact, false. In reality, Celebrex®, was not adequately tested and there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including, but not limited to, the increased risk of cardiovascular events, including, but not limited to, heart attacks, and death. Defendant Pfizer and the Sales Representative Defendants did

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 15**

not disclose or warn Frances Carter, or her prescribing physician about the known risk of injury in using the product. Defendant Pfizer and the Sales Representative Defendants misrepresented the safety of the product, represented that the product marketed was safe for use and concealed warnings of the known or knowable risks of injury in using the product.

When Defendant Pfizer and the Sales Representative Defendants made these representations about material facts, they knew that they were false. Defendant Pfizer and the Sales Representative Defendants made said representations with the intent to defraud and deceive Frances Carter, and with the intent to induce her to act in the manner herein alleged.

At the time Defendant Pfizer and the Sales Representative Defendants made the aforesaid representations, and at the time Frances Carter, took the actions herein alleged, she was ignorant of the falsity of these representations, reasonably believed them to be true, and relied upon them. In reliance upon said representations, Frances Carter was induced to, and did use Celebrex® as herein described. Frances Carter's reliance on the deceptive statements resulted in her injuries.

If Frances Carter had known the actual facts, she would not have taken Celebrex®.

As a result of Defendant Pfizer and the Sales Representative Defendants fraud and deceit, Plaintiff was caused to sustain the herein described injuries.

In doing the acts herein alleged, Defendant Pfizer and the Sales Representative Defendants acted with oppression, fraud, and malice, and Plaintiff therefore is entitled to punitive damages to deter Defendant Pfizer and others from engaging in similar conduct in the future.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 16**

XI.

**SEVENTH CAUSE OF ACTION**

**(Fraud by Concealment)**

At all times mentioned herein, Defendant Pfizer and the Sales Representative Defendants had the duty and obligation to disclose to Frances Carter and her prescribing physician the true facts concerning Celebrex®, specifically that said product was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and death, and how unnecessary it was to use said product for the purposes indicated. Defendant Pfizer and the Sales Representative Defendants made affirmative representations as set forth herein to Frances Carter and the general public prior to the date Celebrex® was prescribed to Frances Carter , while concealing the following material facts.

At all times mentioned herein, Defendant Pfizer and the Sales Representative Defendants had the duty and obligation to disclose to Frances Carter and her physician the true facts concerning Celebrex®; that is, that use could cause injuries including, but not limited to, increased risk of fatal and non-fatal cardiovascular events, including, but not limited to heart attacks and strokes.

At all times herein mentioned, Defendant Pfizer and the Sales Representative Defendants intentionally, willfully and maliciously concealed or suppressed the facts set forth herein from Frances Carter's physician with the intent to defraud as herein alleged.

At all times herein mentioned, Frances Carter was not aware of the facts set forth above, and had she been aware of said facts, she would not have acted as she did, that is, she would not have utilized the product.

As a result of the concealment or suppression of the facts set forth above, Frances Carter

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 17**

suffered injuries as set forth herein.

In doing the actions herein alleged, Defendant Pfizer and the Sales Representative Defendants acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendants' wealth, and sufficiently large to be an example to others, and to deter Defendant Pfizer and others from engaging in similar conduct in the future.

### XII.

### MALICE

The wrong done by Defendants in failing to exercise the most basic of protective measures, even after knowing of the potential for serious injury and/or death when failing to do so, was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. Defendant Pfizer's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff, and Defendant Pfizer was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference, to the rights, safety, and welfare of others, including Plaintiff. Defendant Pfizer's acts and omissions, which collectively and severally constituted malice, were a proximate cause of Plaintiff's injuries and subsequent damages.

### XIII.

These Defendants, and each of them, individually and collectively, are guilty of various acts of omission and commission which were the proximate and/or producing cause of the incidents made the basis of this lawsuit. Plaintiff has suffered damages in the past and will continue to suffer

damages in the future, including, but not limited to, physical pain and mental anguish, medical

expenses, economic damages, and loss of enjoyment of life.  Plaintiff has suffered each of these

elements in an amount exceeding the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Frances Carter prays for relief from the Defendants as follows:

1.    Punitive and exemplary damages.  In support of said damages, Plaintiff incorporates
      by reference all preceding and following paragraphs as if fully set forth herein;

2.    General damages in a sum in excess of the jurisdictional minimum of this Court;

3.    Special damages in a sum in excess of the jurisdictional minimum of this Court;

4.    Compensatory damages in excess of the jurisdictional minimum of this Court;

5.    Consequential damages in excess of the jurisdictional minimum of this Court;

6.    Medical, incidental, and hospital expenses according to proof;

7.    Future medical, incidental, and hospital expenses according to proof;

8.    Pre-judgment and post-judgment interest as provided by law;

9.    Full refund of all purchase costs Plaintiffs paid for Celebrex®;

10.   Attorneys' fees, expenses, and costs of this action; and

11.   Such further relief as this Court deems necessary, just and proper;

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury in this action.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 19**

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 - FAX

By: _____
   Kathryn Snapka
   State Bar No. 18781200
   Greg W. Turman
   State Bar No. 00785123
   Rick Waterhouse
   State Bar No. 00788624
   Aditi Anita Shahani
   State Bar No. 24041898

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**PAGE 20**

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
**Board Certified**
**Personal Injury Trial Law**
**Texas Board of Legal Specialization**

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

_____

CRAIG D. HENDERSON
A. ANITA SHAHANI

**153  223442 07**

April 6, 2007

**VIA FEDERAL EXPRESS and**
**FIRST CLASS U.S. MAIL**

Mr. Thomas A. Wilder, District Clerk
**TARRANT COUNTY COURTHOUSE**
401 W. Belnap St.
Fort Worth, Texas 76196

> Re:  Cause No. _____; In the 79th Judicial District Court of Jim
> Wells County, Texas; *Frances Carter v. Pfizer, Inc., et al*
> **ST&W File No.: 2347**

Dear Mr. Wilder:

Enclosed for filing in the above-referenced matter is the Plaintiff's First Amended Original Petition with one (1) extra copy to return to our office in the self-addressed stamped envelope provided herein.

Thank you for your courtesies in this regard. Should you have any questions, please do not hesitate to contact this office at (361) 888-7676.

Very truly yours,

SNAPKA, TURMAN & WATERHOUSE, L.L.P.

Annette Gomez
Legal Secretary
agomez@stwllp.com

107 S. Seguin, San Diego, Texas 78384-2934 (361) 279-7779
*San Diego office by appointment only*

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

COPY

## CITATION
### Cause No. 153-223442-07

FRANCES CARTER                    VS.    PFIZER, INC., ET AL

TO: W LANCE GOODSON

7413 N. 17TH ST. MCALLEN, TX 785...

TEXAS CIVIL PROCESS, INC.
Came to Hand 5-29-07 10:55AM
Delivered this 29 Day May 07 4:40
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By _Brent Miller_
Process Server

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20
days after the date of service hereof before the 153rd District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

FRANCES CARTER

Filed in said Court on April 9th, 2007 Against
PFIZER INC, JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN
K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W LANCE GOODSO
For suit, said suit being numbered 153-223442-07 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### KATHRYN SNAPKA
Attorney for FRANCES CARTER Phone No. (361)888-7676
Address     PO BOX 23017 606 N CARANCAHUA STE 1511 CORPUS CHRISTI, T.

Thomas A. Wilder       , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the May 11th, 2007

                    By _____ Deputy
                              JUDITH CHICO

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk
401 W. Belknap
Fort Worth, Texas 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


        Authorized Person/Constable/Sheriff: _____
        County of _____ State of_____ By _____ Deputy
Fees $_____        _____
(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                    County of _____, State of _____

*Carter* Appendix Page 47

CAUSE NO. 153-223442-07

| | | |
|---|---|---|
| FRANCES CARTER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | TARRANT COUNTY, TEXAS |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| LYNSEY ADAME, | § | |
| and CLARENCE BROOKS, M.D., | § | |
| | § | |
| Defendants. | § | 153rd JUDICIAL DISTRICT |

## DEFENDANT PFIZER INC.'S MOTION TO TRANSFER VENUE
## AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pfizer Inc. (incorrectly named as "Pfizer, Inc." and hereinafter referred to as "Pfizer" or "Defendant") and files this its Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's First Amended Original Petition. Defendant respectfully would show the Court as follows:

## I.

## MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiff Frances Carter alleges she sustained personal injuries as a result of her use of Celebrex®, *see* PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION ("PETITION") at 1, and asserts Pfizer is liable for those injuries under theories

of strict liability, negligence, fraud, and breach of warranties. *Id.* at 8-18.  Plaintiff also asserts certain vague medical negligence claims against her prescribing physician, Dr. Clarence Brooks, and certain additional claims against twenty-one (21) current or former Pfizer field sales representatives whom Plaintiff asserts detailed Celebrex® to Dr. Brooks. *See id.*

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in Tarrant County.  Her petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas," *see id.* at 5, without any specific factual allegations supporting her contention that venue in Tarrant County is appropriate.  It therefore is far from clear that this suit was filed in the proper venue.  Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve its right to challenge venue if the facts establish that venue in Tarrant County is not proper.

Pfizer is a corporation.  A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005).  Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person.  *Id.*  If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action.  *Id.*  In this case, Defendant:

    (1)    specifically denies that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of this or any other defendant's principal office in Texas;

    (2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

2

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

(4)    specifically denies that Plaintiff resided in the county of suit at the time Plaintiff's purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiff's pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiff's claims. Defendant, therefore, requests that it be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after it has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

### SUBJECT TO MOTION TO
### TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to its Motion to Transfer Venue, Defendant denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

3