federal law. Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of response.

### Seventh Defense

7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part

of parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendant affirmatively denies it violated any duty owed to the Plaintiff.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

5

### Fourteenth Defense

14.    Celebrex® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

*Carter* Appendix Page 53

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Petition were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

*Carter* Appendix Page 54

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Texas, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Texas law.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

9

protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Texas.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 111 (1991), <u>TXO Production Corp. v. Alliance Resources, Inc.</u>, 509 U.S. 443 (1993); <u>BMW of North America, Inc. v. Gore</u>, 519 U.S. 559 (1996); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S 408.

### **Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

10

instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Petition are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.     The claims asserted in the Petition are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-second Defense

42.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-third Defense

43.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-fourth Defense

44.     The claims asserted in the Petition are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

11

### Forty-fifth Defense

45.     The claims asserted in the Petition are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-sixth Defense

46.     The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-seventh Defense

47.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-eighth Defense

48.     The claims asserted in the Petition are barred because the utility of Celebrex® outweighed its risks.

### Forty-ninth Defense

49.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fiftieth Defense

50.     Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

12

### Fifty-first Defense

51.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-second Defense

52.     The claims asserted in the Petition are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-third Defense

53.     Plaintiff's fraud and misrepresentation allegations are not stated with the degree of particularity, as required by both the state and federal rules.

### Fifty-fourth Defense

54.     Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

### Fifty-fifth Defense

55.     Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Fifty-sixth Defense

56.     This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

### Fifty-seventh Defense

57.     If Plaintiff settles with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Fifty-eighth Defense

58.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Fifty-ninth Defense

59.     Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

### Sixtieth Defense

60.     Plaintiff's claims are barred by Plaintiff's failure to comply with conditions precedent to the right to recover.

### Sixty-first Defense

61.     Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

14

### Sixty-second Defense

62.     The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-third Defense

63.     Plaintiff may not assert a claim against Defendant for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

### Sixty-forth Defense

64.     Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

### Sixty-fifth Defense

65.     Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff relied did not constitute a misrepresentation of material facts.

### Sixty-sixth Defense

66.     Plaintiff did not rely on any alleged express or implied warranty.

### Sixty-seventh Defense

67.     Plaintiff failed to notify Defendant of any alleged breach of warranty within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

### Seventy-eighth Defense

68.     Defendant specifically denies that it received any notice of any alleged breach of warranty from Plaintiff within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and Plaintiff is, therefore, barred from any recovery for such claims.

15

### Sixty-ninth Defense

69.    Plaintiff's claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

### Seventieth Defense

70.    Plaintiff's claims for breach of warranty are barred in whole or in part because she is not in privity with Defendant.

### Seventy-first Defense

71.    Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

### Seventy-second Defense

72.    Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

### Seventy-third Defense

73.    Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Celebrex® was and is controlled by federal law, and Defendant was at all times in compliance and obedience with applicable federal law.  If Plaintiff's causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).  Plaintiff's claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

16

(a)  any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)  any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)  any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)  any allegation that Defendant failed to give Plaintiff's healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

(e)  any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

### Seventy-fourth Defense

74.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Seventy-fifth Defense

75.    Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

### Seventy-sixth Defense

76.    Plaintiff has failed to allege conduct warranting imposition of punitive damages under Texas law.

### Seventy-seventh Defense

77.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague

17

or simply non-existent, and are inadequate to ensure that such awards do not include amounts

intended as exemplary damages, which are impermissible in a compensatory damages award.

**Seventy-eighth Defense**

78.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or

overbroad, and are in contravention of Defendant's rights under each of the following

constitutional provisions:

(a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

**Seventy-ninth Defense**

79.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual*

*Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127

S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant

from any award of damages that:

(a)    is based, in whole or in part, on conduct which did not harm Plaintiff;

(b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)    is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiff; or

(e)    is grossly disproportionate to the harm suffered by Plaintiff.

18

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Eightieth Defense

80.   Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

### Eighty-first Defense

81.   Plaintiff's claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

    (a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

    (b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    (c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    (d)    the Supremacy Clause of Article VI of the United States Constitution;

    (e)    the Free Speech Clause of the First Amendment of the United States Constitution;

    (f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

    (i)    the Excessive Fines Clause of Eighth Amendment of the United States Constitution;

19

(j)  the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

(k)  the Equal Protection Clause of the Fourteenth Amendment;

(l)  as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

### Eighty-second Defense

82.  Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

### Eighty-third Defense

83.  No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Eighty-fourth Defense

84.  To the extent Plaintiff's claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

### Eighty-fifth Defense

85.  With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Eighty-sixth Defense

86.  Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

## III.

### JURY DEMAND

Subject to its Motion to Transfer Venue, Defendant hereby demands a trial by jury.

## IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

21

*Carter* Appendix Page 68

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 25th day of May, 2007:

*<u>Via Certified Mail, Return Receipt Requested</u>*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiff***



22

CAUSE NO. 153-223442-07

| | | |
|---|---|---|
| FRANCES CARTER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 153rd JUDICIAL DISTRICT |

## **NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL**

TO:    Frances Carter, by and through her attorneys of record, Kathryn Snapka, Greg W. Turman, Rick B. Waterhouse, Jr., and Aditi Anita Shahani, SNAPKA, TURMAN & WATERHOUSE, L.L.P., P.O. Drawer 23017, 606 N. Carancahua, Suite 1511, Corpus Christi, Texas 78403.

You will please take notice that Pfizer Inc., Defendant in the above-styled and numbered cause originally filed in the 153rd District Court of Tarrant County, Texas, namely, *Frances Carter v. Pfizer, Inc., et al.*, Cause No. 153-223442-07, has filed in the United States District Court for the Northern District of Texas, Fort Worth Division, its Notice of Removal in the above-captioned cause from said District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 1st day of June, 2007.

### *Via Certified Mail/Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
*Attorneys for Plaintiff*

3

CAUSE NO. 153-223442-07

| | | |
|---|---|---|
| FRANCES CARTER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 153rd JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Thomas A. Wilder, District Clerk, Tarrant County, Texas.

PLEASE TAKE NOTICE that Defendant Pfizer Inc. has filed its Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, a copy of which is attached hereto. Defendant Pfizer hereby files a copy of the Notice with the Clerk of the District Court of Tarrant County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: June 1, 2007.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By: _____

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 1st day of June, 2007.

### Via Certified Mail/Return Receipt Requested

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
*Attorneys for Plaintiffs*

*Carter* Appendix Page 75

3

CAUSE NO. 153-223442-07

| | | |
|---|---|---|
| FRANCES CARTER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | TARRANT COUNTY, TEXAS |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| LYNSEY ADAME, | § | |
| and CLARENCE BROOKS, M.D., | § | |
| | § | |
| Defendants. | § | 153rd JUDICIAL DISTRICT |

## DEFENDANT W. LANCE GOODSON'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant W. Lance Goodson (hereinafter referred to as "Defendant") and files this his Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's First Amended Original Petition. Defendant would respectfully show the Court as follows:

### I.

### MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiff Frances Carter alleges she sustained personal injuries as a result of her use of Celebrex®, *see* PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION ("PETITION") at 1, and asserts Pfizer is liable for those injuries under theories

1

of strict liability, negligence, fraud, and breach of warranties. *Id.* at 8-18. Plaintiff also asserts certain vague medical negligence claims against her prescribing physician, Dr. Clarence Brooks, and certain additional claims against twenty-one (21) current or former Pfizer field sales representatives, including Defendant, whom Plaintiff asserts detailed Celebrex® to Dr. Brooks. *See id.*

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in Tarrant County. Her petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas," *see id.* at 5, without any specific factual allegations supporting her contention that venue in Tarrant County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve his right to challenge venue if the facts establish that venue in Tarrant County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of any defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

2

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

(4)    specifically denies that Plaintiff resided in the county of suit at the time Plaintiff's purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiff's pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiff's claims. Defendant, therefore, requests that he be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after he has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to his Motion to Transfer Venue, Defendant denies each and every allegation made against him and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Subject to his Motion to Transfer Venue, and without assuming the burden of proof of such defenses that he would not otherwise have, Defendant affirmatively asserts the following defenses:

1.    Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

2.    Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

3.    Plaintiff's claims against Defendant are barred under Section 20, comment g of the Restatement (Third) of Torts: Products Liability.

3

4.   Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

5.   Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

6.   Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

7.   Plaintiff's recovery, if any, is barred entirely, or should be reduced, by Plaintiff's comparative negligence.

8.   The damages alleged by Plaintiff were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9.   This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10.  If Plaintiff settles with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

11.  Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

12.  Plaintiff's alleged damages were not proximately caused by any act or omission of Defendant.

13.  The producing causes of the damages Plaintiff allegedly suffered were acts or omissions of some person, cause or entity other than Defendant.

4

14.    Plaintiff's alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of Defendant.

15.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's damages, if any, were caused by changes and/or alterations to the product at issue made by persons not within Defendant's control.

16.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense and based on the state of scientific, medical, and technological knowledge at the time that Celebrex® was marketed,

5

Celebrex® was reasonably safe for its normal and foreseeable use at all relevant times.

19.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts: Product Liability (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

21.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

22.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims against Defendant are barred under Sections 2, 4, and 6 *et seq*. of the Restatement (Third) of Torts: Product Liability. Alternatively, Plaintiff's claims are barred because the product's benefits outweighed its risks.

23.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

24.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

25.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

26.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

27.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

28.    The damages, if any, recoverable by Plaintiff must be reduced by any amount of damages legally caused by Plaintiff's failure to mitigate such damages in whole or in part.



29.   Plaintiff's claims are barred in whole or in part by the unforeseeable product misuse and/or abnormal or unintended use of the product.

30.   Plaintiff's claims are barred by Plaintiff's failure to comply with conditions precedent to the right to recover.

31.   Plaintiff's claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Plaintiff's alleged injuries.

32.   Plaintiff's claims are barred in whole or in part by intervening and/or superseding acts.

33.   Plaintiff's claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

34.   Plaintiff's claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

35.   Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physician before taking Celebrex®, alone or in combination with any other drug(s).

36.   Plaintiff's injuries, if any, were caused by an idiosyncratic reaction to the product.

37.   The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex®, alone or in combination with any other drug(s), rested solely with the prescribing physicians.

38.   Plaintiff may not assert a claim against Defendant for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

8

39.   Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

40.   Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff relied did not constitute a misrepresentation of material facts.

41.   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege circumstances constituting fraud with particularity, as required under both the state and federal rules.

42.   Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff did not rely on any alleged express or implied warranty.

43.   Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff failed to notify Defendant of any alleged breach of warranty within a reasonable time after she discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

44.   Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims for breach of warranty are barred in whole or in part by the relevant disclaimers.

45.   Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense, Plaintiff's claims for breach of warranty are barred in whole or in part because she is not in privity with Defendant.

46.     Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

47.     Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

48.     Defendant expressly denies that any third party engaging in the acts alleged by Plaintiff were acting as Defendant's agent or servant, at the instruction of Defendant, or within the Defendant's control.  Therefore, Plaintiff's claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

49.     Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

50.  Defendant affirmatively pleads that Plaintiff cannot recover under a product liability

theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense, Plaintiff's claims are barred in whole

or in part by the doctrine of federal preemption. The manufacture, marketing, and

labeling of Celebrex® was and is controlled by federal law, and the conduct relating

to the product at issue was at all times in compliance and obedience with applicable

federal law. If Plaintiff's causes of action against Defendant are permitted and

allowed, they would impede, impair, interfere with, frustrate and/or burden the

effectiveness of federal law regulating the field of prescription drugs and would

constitute an invalid burden on interstate commerce, violating the supremacy and

commerce clauses of the United States Constitution, Article VI, Section 2 and Article

I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiff's Legal Comm.*, 531

U.S. 341 (2001).  Plaintiff's claims, in whole or in part, are preempted, or barred by

applicable federal law, including any claim based in whole or in part on:

   (a)   any allegation of negligence *per se* or that Defendant violated federal
         regulations, including any regulations promulgated or enforced by the
         Food and Drug Administration;

   (b)   any allegation that Defendant committed "fraud" on, or otherwise misled,
         made misrepresentations to, concealed material information from, or
         violated reporting requirements imposed by any agency of the federal
         government, including the Food and Drug Administration;

   (c)   any allegation that Celebrex® was not "safe and effective" or that the risks
         of the drug outweighed its benefits;

   (d)   any allegation that Defendant failed to give Plaintiff's healthcare providers
         adequate warnings concerning the risks associated with Celebrex®; and/or

   (e)   any allegation that, if accepted, would impose standards of care in addition
         to, or different from, those imposed by federal law, including federal
         regulations promulgated by the Food and Drug Administration.

11

51.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

52.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

53.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

54.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

    (a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

12

(d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

55.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

(a)    is based, in whole or in part, on conduct which did not harm the Plaintiff;

(b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)    is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiff; or

(e)    is grossly disproportionate to the harm suffered by Plaintiff.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

56.    Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

57.    Plaintiff's claims for punitive damages are in contravention of Defendant's rights

under each of the following constitutional provisions:

    (a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

    (b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    (c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    (d)    the Supremacy Clause of Article VI of the United States Constitution;

    (e)    the Free Speech Clause of the First Amendment of the United States Constitution;

    (f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

    (i)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    (j)    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

    (k)    the Equal Protection Clause of the Fourteenth Amendment;

    (l)    as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

58.    Because of the lack of clear standards, the imposition of punitive damages against

Defendant is unconstitutionally vague and/or overbroad.

59.    No act or omission of Defendant was malicious, willful, wanton, reckless or grossly

negligent and, therefore, any award of punitive damages is barred.

60.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability

theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense and to the extent Plaintiff's claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

61.    With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

62.    Defendant reserves the right to supplement his assertion of defenses as he continues with his factual investigation of Plaintiff's claims.

### III.

### JURY DEMAND

Subject to his Motion to Transfer Venue, Defendant hereby demands a trial by jury.

### IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendant be discharged with his costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.



Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By: _____

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT
W. LANCE GOODSON**



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 31st day of May, 2007:

***Via Certified Mail, Return Receipt Requested***

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiff***



17