*CTJ/RMT*

*ORIGINAL*

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 JUL 19 AM 9: 24

CLERK OF COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

**FRANCES CARTER** §
§
§
**VS.** §                   CIVIL ACTION NO.
§                   **4:07-CV-00335** – A
§
§
**PFIZER, INC. (CLARENCE BROOKS, M.D.),** §
**ET AL.** §

### DEFENDANT, CLARENCE BROOKS, M.D.'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLARENCE BROOKS, M.D., Defendant in the above-entitled and numbered cause, and files and makes this his Original Answer, and in support thereof would respectfully show the Court as follows:

### FIRST DEFENSE

1.      Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant asserts the defense of lack of jurisdiction over the subject matter.

### SECOND DEFENSE

2.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted from or against Defendant.

**THIRD DEFENSE**

3.    The introductory paragraph in Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required.

**I.**

4.    Paragraph 1 of this section of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required.

**II.**

**INTRODUCTION AND PARTIES**

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of this section of Plaintiff's Petition.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of this section of Plaintiff's Petition.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of this section of Plaintiff's Petition.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of this section of Plaintiff's Petition.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of this section of Plaintiff's Petition.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of this section of Plaintiff's Petition.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of this section of Plaintiff's Petition.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of this section of Plaintiff's Petition.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of this section of Plaintiff's Petition.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of this section of Plaintiff's Petition.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of this section of Plaintiff's Petition.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of this section of Plaintiff's Petition.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of this section of Plaintiff's Petition.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of this section of Plaintiff's Petition.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of this section of Plaintiff's Petition.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of this section of Plaintiff's Petition.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of this section of Plaintiff's Petition.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of this section of Plaintiff's Petition.

25.     Defendant admits the allegations in paragraph 21 of this section of Plaintiff's petition.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of this section of Plaintiff's Petition.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of this section of Plaintiff's Petition.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of this section of Plaintiff's Petition.

29.     Defendant admits the allegations in paragraph 25 of this section of Plaintiff's Petition.

## III.

## JURISDICTION AND VENUE

30.     Defendant admits that he is a resident and is doing business in the State of Texas but denies Plaintiff's alleged injuries were the result of any negligence or gross negligence on the part of this Defendant as set forth in paragraph 1 of this section of Plaintiff's petition.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

31.     Defendant admits that he practices medicine in Tarrant County, Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of this section of Plaintiff's petition.

## IV.

## FACTUAL ALLEGATIONS

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

33.     Defendant admits that Celebrex is one of the drugs referred to as "Cox-2 Inhibitor drugs" as set forth in paragraph 2 of this section of Plaintiff's petition.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of this section of Plaintiff's petition.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of this section of Plaintiff's petition.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of this section of Plaintiff's petition.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of this section of Plaintiff's petition.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of this section of Plaintiff's petition.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of this section of Plaintiff's petition.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of this section of Plaintiff's petition.

42.     The press release and study referenced in paragraph 11 of this section of Plaintiff's petition speak for themselves.   To the extent the allegations contained in

paragraph 11 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43.    To the extent the allegations contained in paragraph 12 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of this section of Plaintiff's petition.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of this section of Plaintiff's petition.

46.    To the extent the allegations contained in paragraph 15 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**V.**

**FIRST CAUSE OF ACTION**

**[Strict Products Liability Failure to Warn]**

47.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

48.     To the extent the allegations contained in paragraph 2 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of this section of Plaintiff's petition.

51.     To the extent the allegations contained in paragraph 5 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of this section of Plaintiff's petition.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of this section of Plaintiff's petition.

54.     To the extent the allegations contained in paragraph 8 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## VI.

## SECOND CAUSE OF ACTION

### [Strict Products Liability/Defective Product]

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of this section of Plaintiff's petition.

56.    To the extent the allegations contained in paragraph 2 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

57.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

58.    To the extent the allegations contained in paragraph 4 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of this section of Plaintiff's petition.

60.    To the extent the allegations contained in paragraph 6 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of this section of Plaintiff's petition.

62.    To the extent the allegations contained in paragraph 8 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## VII.

## THIRD CAUSE OF ACTION

### [Negligence]

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

65.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

66.    In response to paragraph 4 of this section of Plaintiff's petition, Defendant admits that he is a physician engaged in the practice of medicine and provided reasonable care and treatment to the Plaintiff.

67.    Defendant denies the allegations contained in paragraph 5 of this section of Plaintiff's petition.

68.    Defendant denies the allegations contained in paragraph 6 of this section of Plaintiff's petition.

69.    In response to paragraph 7 of this section of Plaintiff's petition, Defendant admits that he is a physician engaged in the practice of medicine and provided reasonable care and treatment to the Plaintiff.

70.    Defendant denies the allegations contained in paragraph 8 of this section of Plaintiff's petition.

71.    Defendant denies the allegations contained in paragraph 9 of this section of Plaintiff's petition.

72.    To the extent the allegations contained in paragraph 10 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

73.    To the extent the allegations contained in paragraph 11 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

74.    To the extent the allegations contained in paragraph 12 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**VIII.**

**FOURTH CAUSE OF ACTION**

**[Breach of Implied Warranty]**

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

77.    To the extent the allegations contained in paragraph 3 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of this section of Plaintiff's petition.

**IX.**

**FIFTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

79.    To the extent the allegations contained in paragraph 1 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

80.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

82.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of this section of Plaintiff's petition.

83.    To the extent the allegations contained in paragraph 5 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

84.    To the extent the allegations contained in paragraph 6 of this section of Plaintiff's petition are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**X.**

**SIXTH CAUSE OF ACTION**

**[Fraud]**

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

88.     To the extent the allegations contained in paragraph 4 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of this section of Plaintiff's petition.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of this section of Plaintiff's petition.

91.    To the extent the allegations contained in paragraph 7 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### XI.

### SEVENTH CAUSE OF ACTION

### (Fraud by Concealment)

92.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of this section of Plaintiff's petition.

93.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of this section of Plaintiff's petition.

94.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of this section of Plaintiff's petition.

95.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of this section of Plaintiff's petition.

96.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of this section of Plaintiff's petition.

97.    To the extent the allegations contained in paragraph 6 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## XII.

## MALICE

98.    To the extent the allegations contained in paragraph 1 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## XIII.

99.    To the extent the allegations contained in paragraph 1 of this section of Plaintiff's petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## PRAYER FOR RELIEF

100.    Defendant denies the allegations contained in the paragraph entitled, "Prayer for Relief" of Plaintiff's petition.

## DEMAND FOR JURY TRIAL

101.    The paragraph entitled, "Demand for Jury Trial" of Plaintiff's petition is a request for trial by jury to which no response is required.

## FOURTH DEFENSE

102.   Defendant pleads that he is not liable in the capacity in which he has been sued.

## FIFTH DEFENSE

103.   Defendant pleads that Plaintiff is not entitled to recover in the capacity in which she has sued.

## SIXTH DEFENSE

104.   Defendant pleads that no agency, contract, or similar relationship exists now or did exist between this Defendant and the Defendant-Manufacturer such as to give rise to any legal responsibility to this Defendant for any conduct or product of the Defendant-Manufacturer.

## SEVENTH DEFENSE

105.   Defendant pleads that he is not liable under any theory of vicarious or derivative liability for the conduct or products of any other defendant, nor does any other theory of liability support the imposition of responsibility on this Defendant for the conduct or products of others.

## EIGHTH DEFENSE

106.   Defendant further pleads that Plaintiff has failed to state a cognizable strict liability cause of action under Texas law for the reason that no "sale" of prescription medications took place in the physician-patient relationship between the Plaintiff/patient and Defendant.

### NINTH DEFENSE

107.   Defendant further pleads that Plaintiff has to state a cognizable strict liability cause of action under Texas law for the reason that no "distribution" of prescription medications occurred in the physician-patient relationship between the Plaintiff/patient and Defendant.

### TENTH DEFENSE

108.   Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under any theory of law relating to strict products liability, breach of warranty, misrepresentation, or other theory for the reason that Defendant is not, and was not a distributor, retailer, seller, or marketer of prescription medications, nor was Defendant an agent or representative of the prescription medications manufacturer.

### ELEVENTH DEFENSE

109.   Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under Texas law relating to non-medical causes of action for the reason that such causes of action are barred by Chapter 74 of the Texas Civil Practice & Remedies Code.

### TWELFTH DEFENSE

110.   Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under Texas law and any theory of breach of warranty for the reason that such cause of action is barred by the common law of the State of Texas, and Defendant pleads further that no warranties or guarantees, express or implied, were given by this Defendant.

## THIRTEENTH DEFENSE

111.    Defendant further pleads that Plaintiff has failed to state a cognizable cause of action for fraud, misrepresentation, breach of warranty or any other theory arising from representations made or allegedly made by Defendant, or disclosures not made or allegedly not made, for the reason that all such theories of recovery are subsumed under the sole theory of negligence and informed consent under Chapter 74 of the Texas Civil Practice and Remedies Code.

## FOURTEENTH DEFENSE

112.    Defendant further pleads that any injury or damages alleged or sustained by Plaintiff are the result of pre-existing medical or psychological conditions or disabilities that are in no way the responsibility of this Defendant; thus, this Defendant has no legal responsibility for any injury or damages alleged or sustained by Plaintiff as a result of any medical or psychological condition or disease process over which this Defendant exercised no control.

## FIFTEENTH DEFENSE

113.    Defendant pleads that he is entitled to rely upon the punitive damages limitations provisions available in Texas law in response to any claim by Plaintiff seeking punitive or exemplary damages.

## SIXTEENTH DEFENSE

114.    Defendant pleads that he is entitled to rely upon the applicable provisions of the Federal and Texas Constitutions that govern the award of punitive damages. Thus, Defendant pleads that such awards may contravene the Excessive Fines Clause

of the Federal Constitution, the Equal Protection and Due Process Clauses of the Federal Constitution, the Equal Protection and Due Process Clauses of the Texas Constitution, and any other such provision now or hereafter deemed applicable to the award of such damages.

## SEVENTEENTH DEFENSE

115.    Defendant pleads the provisions of §§74.301, et seq. of the Texas Civil Practice and Remedies Code, which limit the amount of damages recoverable in this suit.

## EIGHTEENTH DEFENSE

116.    Defendant pleads the provision of §74.051 of the Texas Civil Practice and Remedies Code, which requires that Plaintiff provide 60 days' notice prior to filing a suit in any court of this state based upon a health care liability claim.

## NINETEENTH DEFENSE

117.    Defendant pleads that Plaintiff has failed to meet all conditions precedent to filing this action under Chapter 74 of the Texas Practice and Remedies Code.

## TWENTIETH DEFENSE

118.    Defendant further pleads that Plaintiff has failed to meet all conditions precedent to filing this action, including but not limited to, failing to provide timely notice to Defendant of any alleged breach of warranty.

## TWENTY-FIRST DEFENSE

119.    Pleading further, Defendant invokes his legal right to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendant reserves the right under Texas common law and the Texas Civil Practice and Remedies Code to submit issues against parties who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

## TWENTY-SECOND DEFENSE

120.    Defendant invokes his rights under Chapter 82 of the Texas Civil Practice and Remedies Code, including all rights under §82.007 and the presumption of non-liability se forth in the cited statute.

## TWENTY-THIRD DEFENSE

121.    Defendant pleads for all relief to which he would be entitled under Chapter 82 of the Texas Civil Practice and Remedies Code including his right to indemnity as provided therein.

## FIRST AFFIRMATIVE DEFENSE

122.    Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the applicable statutes of limitations and/or by the doctrines of laches, waiver and estoppel.

## SECOND AFFIRMATIVE DEFENSE

123.    Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the provisions of the Texas Statute of Frauds.

## THIRD AFFIRMATIVE DEFENSE

124.    Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories of confession and avoidance, defense, or allocation of damages variously known as contributory negligence, assumption of the risk, act of God, unavoidable accident, failure to mitigate damages, and all other legal and equitable concepts that are applicable to avoid or shift legal responsibilities or damages.

## FOURTH AFFIRMATIVE DEFENSE

125.    Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories relevant to the issue of causation, either producing or proximate, that are variously known as superseding cause, intervening cause, sole proximate cause, assumption of the risk, and all similar legal and equitable theories to establish the absence of the required elements of causation requisite to Plaintiff's theories of recovery.

## DEMAND FOR JURY TRIAL

126.    Defendant demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that all costs be taxed against Plaintiff, and that Defendant be awarded such other, further, or alternative relief to which Defendant may be legally or equitably entitled.

H:\DATA\API001\13735\424762.DOC

Respectfully submitted,

**CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.**

By: _Jay H. Henderson_
       Jay H. Henderson
       State Bar No.: 09424050
       Federal ID No.: 1431
       2777 Allen Parkway, 7th Floor
       Houston, Texas 77019
       (713) 650-6600 (Telephone)
       (713) 650-1720 (Telecopier)

LOCAL COUNSEL:

Mr. Russel G. Thornton
Stinnett Thiebaud & Remington
State Bar No. 11054600
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 954-2200 (Telephone)
(214) 754-0999 (Telecopier)

**ATTORNEYS FOR DEFENDANTS,
CLARENCE BROOKS, M.D.**

## <u>CERTIFICATE OF SERVICE</u>

      I, Jay H. Henderson, hereby certify that a true and correct copy of the foregoing instrument has been provided to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure on this 18th day of July, 2007.

Kathryn Snapka
Greg W. Turman
Rick Waterhouse
Aditi Anita Shahani
Snapka, Turman & Waterhouse, L.L.P.
P. O. Drawer 23017
606 N. Carancahua , Suite 1511
Corpus Christi, Texas 78403

Kenneth J. Ferguson
J. Andrew Hutton
Kelly R. Kimbrough
Leslie Anne Benitez
Clark Thomas & Winters
300 W Sixth St., Suite 1500
PO Box 1148
Austin, TX 78767-1148

Dimple Desai Shah
Law Office of Dimple Desai Shah
5216 Westshire Lane
Dallas, TX 75287

Jay H. Henderson